Vendome v Oldenburg (2021 NY Slip Op 05409)





Vendome v Oldenburg


2021 NY Slip Op 05409


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 656640/19 Appeal No. 14315 Case No. 2020-04636 

[*1]Antonio Vendome, Plaintiff-Appellant,
v
Claes T. Oldenburg, et al., Defendants-Respondents.


Olshan Frome Wolosky, New York (Tara Richelo of counsel), for appellant.
Wichler & Gobetz, P.C., Suffern (Kenneth C. Gobetz of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about May 27, 2020, which granted defendants' motion to dismiss the complaint and cancelled the notice of pendency, unanimously affirmed, with costs.
The covenant of good faith and fair dealing "cannot negate express provisions of the agreement" (Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]). Here, defendants' actions were expressly permitted by Paragraph 12 of the Letter of Intent (the LOI), which gave them the right not to agree to a definitive sale contract "for any reason whatsoever or no reason at all." Where the express terms of a contract allow one party to terminate it in "its sole discretion" or "for any reason whatsoever," the covenant of good faith and fair dealing cannot serve to negate that provision (id. [internal quotation marks omitted]).
Plaintiff's argument that the LOI effectively amounted to an enforceable purchase agreement when it is considered in tandem with defendants' post-LOI conduct also fails. The statute of frauds requires that contracts for the sale of real property be accompanied by a signed writing and that no contract for the sale of real property can be created when a material element of the contemplated bargain bas been left for further negotiations (see Generas v Hotel des Artistes, 117 AD2d 563, 566 [1st Dept 1986], lv denied 68 NY2d 606 [1986]; General Obligations Law § 5-703[2]). Furthermore, the LOI was expressly conditioned upon the execution of a definitive contract of sale, which does not give rise to an enforceable purchase agreement (see Scheck v Francis, 26 NY2d 466, 470 [1970]).
Plaintiff's fraudulent inducement claim also fails. "[A] party claiming fraudulent inducement cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of the contract executed by the allegedly defrauded party" (Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). Particularly in light of Paragraph 12 of the LOI, any reliance on defendants' alleged representation that they would subsequently enter into a definitive agreement was unreasonable as a matter of law (GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C., 168 AD3d 563, 564 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021